IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**JESSIE MCGRUDER**                                                                                               **PLAINTIFF**

**V.**                                  **NO. 2:24-CV-00036-BSM**

**WILLIAM CHAD DAVIS, et al.**                                                      **DEFENDANT**

## BRIEF IN SUPPORT OF SEPARATE DEFENDANT'S MOTION FOR ENTRY OF PROTECTIVE ORDER AND MOTION TO QUASH NOTICE OF DEPOSITION

COME NOW, Separate Defendant, William Chad Davis, in his individual and official capacities, by and through undersigned counsel, and for his Brief in Support of Separate Defendants' Motion for Entry of Protective Order and Motion to Quash Notice of Deposition, state:

### I. INTRODUCTION

Plaintiff, Jessie McGruder, brings the current action to "redress deprivations of Plaintiff's state and Federal constitutional violations as allowed by 42 USC 1983 and Arkansas Civil Rights Act of 1993, as well as an action of abuse of process and malicious prosecution." ECF Doc. 2, ¶ 2. In addition to this case there are at least five other open cases against the City of West Memphis being handled by Plaintiff's counsel and another litigation attorney at the Arkansas Municipal League, Jenna Adams. *See Michael Grant v. Jason Kennedy, et. al.*, Case No. 2:24-cv-00135-BSM; *Cheezy Pulliam v. Earnest Chad Rash, et. al.*, Case No. 2:24-cv-00148-BSM; *Cortavious Brown, et. al. v. David Kohl, et. al.*; Case No. 2:25-cv-00019-BSM; *Mose Walker v. Chief Robbin A Campbell, Jr., et. al.*, Case No. 2:24-cv-108-DPM; *Jewel Zukosky v. City of West Memphis*, Case No. 18CV25-141.

Defendant Chad Davis is currently investigating one or more of Plaintiff's counsel's clients in various Internal Affairs investigations. Specifically, Mose Walker, who is currently suing the City of West Memphis in an employment action. Officer Davis is not normally assigned to Internal Affairs and was specially assigned by the City to conduct this investigation. The internal department hearings for these internal affairs investigations have occurred, but the hearing summaries have not yet been completed, and all subjects of the Internal Affairs investigations have appealed the decisions of those hearings to the Mayor of West Memphis. As of the date of the filing of this brief, the Internal Affairs investigation files are still considered open and active as there has not been a final administrative decision on the employment matters.

In a previous deposition of the Chief of Police in the *Cheesy Pulliam* case, the Arkansas Municipal League attorney representing the City of West Memphis in that matter and Plaintiff's counsel came to an agreement not to discuss the ongoing internal affairs investigations while they are still pending.

Defense Counsel contacted Plaintiff's counsel on May 15, 2025, requesting that the scope of Officer Davis's deposition in this case be limited to exclude the ongoing Internal Affairs investigations and anything else not relevant to the facts of this case. Plaintiff's Counsel stated that they would have to be discussed with other attorneys in their firm. Defense Counsel called and followed up on May 19, 2025, and was told they would be given an answer by end of business that day, which they were not. Defense Counsel called Plaintiff's counsel on May 20, 2025, and sent a follow up email. See attached *Exhibit 3, May 20, 2025, Email*. During the May 20, 2025, phone call, Plaintiff's Counsel cited to an email that was sent to several Arkansas Municipal League Attorneys on June 4, 2024, stating that their firm was instituting a standing policy that in any case they had against the City of West Memphis they would use any deposition taken in those cases in

any other cases they had against the City of West Memphis as justification for not limiting the scope to exclude information that is irrelevant to the facts of this case or information that is involved in an ongoing investigation. See attached *Exhibit 2, June 4, 2024, Email*.

## II. ARGUMENT

In defining the general scope of discovery, Federal Rule of Civil Procedure 26(b)(1) provides that:

> Parties may obtain discovery regarding any nonprivileged matter **that is relevant to any party's claim or defense** and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (emphasis added).

Officer Davis seeks to quash the deposition notice as Plaintiff's counsel has openly indicated that he plans to ask questions in Officer Davis's deposition about the events of a case for which Officer Davis has not received an appropriate Notice of Deposition and may very well have no nexus to the present case. This is clearly violative of Fed. R. Civ. P. 26(b)(1) as discovery is limited by what is proportional to the needs of the current case in which the parties are conducting discovery. Not only do the contents of the Internal Affairs Investigations not concern the subject matter of the current lawsuit, but also it is a case that, were it not for Defense Counsel's request that the scope of the deposition be limited, Plaintiff's Counsel would have attempted to ask about these and other unrelated matters in the upcoming deposition, creating a burden upon those Defendants whose attorney will not be present. As of the filing of this brief, Plaintiff's Counsel has not filed any other City of West Memphis case in which Officer Davis is a defendant nor have they served a notice of deposition for Officer Davis in any other case.

Regarding discovery depositions, the Eighth Circuit has opined, "[i]t is clear from experience that pretrial discovery by depositions ... has a significant potential for abuse." *Misc. Dkt. Matter No. 1 v. Misc. Dkt. Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) (holding that the trial court did not abuse its discretion in quashing a nonparty subpoena for a deposition). "This abuse is not limited to matters of delay and expense; discovery also may seriously implicate privacy interests of litigants and third parties." *Id.* Because of the potential for abuse, the federal rules confer broad discretion on district courts to decide when a protective order is appropriate and what degree of protection is required." *Id.* The *Matter* court observed that Rule 26(c) protects persons subject to deposition from annoyance, embarrassment, oppression, or undue burden or expense. *Id.* Officer Davis respectfully requests that this court issue a Protective Order that "forbid[s] inquiry into certain matters, or limit[s] the scope of disclosure or discovery to certain matters" consistent with Fed. R. Civ. P. 26 (c)(1)(d).

Questioning Officer Davis about the open Internal Affairs investigations and other open cases against the City of West Memphis in the course of his deposition in this case will lead to discovery that is not relevant to any party's claim or defense in this case and is disproportionate to the needs of the case, considering the importance of the issues at stake. It will also be burdensome to the Defendants in the other more relevant cases as the attorney representing their interest will not be present. Defense Counsel on this case is unfamiliar with the facts of those cases, and Plaintiff's counsel has never requested to depose Officer Davis in those cases. The email provided by Plaintiff's counsel on June 4, 2024, does not request or give them blanket permission to ask questions outside the scope of a case just because it so happens to have occurred in the City of West Memphis. That email simply serves as notice that any deposition that they take in a case

against the City of West Memphis can be used in any other case where they represent a client against the City of West Memphis.

Undersigned counsel for Separate Defendant Officer Davis respectfully requests that this Court enter a Protective Order stating that the deposition of Officer Davis shall be limited to matters specifically related to the present case, *Jessie McGruder v. William Chad Davis, etc.,* as set forth in the Notice of Deposition dated May 16, 2025. *See attached, Exhibit 1, Notice of Deposition Officer Chad Davis*. Plaintiff's attorney should be prohibited from asking questions regarding any cases or matters not included in the notice of deposition. Defendant further requests that this Court stay the deposition of Officer Chad Davis until the Court is able to make a ruling on Officer Chad Davis's Motion for Entry of Protective Order.

        Respectfully submitted,

        William Chad Davis, in his individual and official capacities
        **SEPARATE DEFENDANT**

        */s/ Kaitlyn Alexander Meister*
        Kaitlyn Alexander Meister #2024227
        Attorney for Defendants
        P.O Box 38
        North Little Rock, AR 72115
        Telephone: 501-978-6101
        E-Mail: kmeister@arml.org