IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**JEREMIAH McGRUDER**                                                                                   **PLAINTIFF**

V.                              No. 2:24-cv-00036 LPR/PSH

**WILLIAM CHAD DAVIS and LILLIAN
STRAYHORN, individually and in their
official capacities as police officers
for the city of West Memphis**                                                                   **DEFENDANTS**

### ORDER ON MOTION FOR PROTECTIVE ORDER

Before the Court is defendant William Chad Davis' motion for protective order (Doc. No. 17). For the reasons stated below, the motion is GRANTED in part and DENIED in part.

**1. Relevant Facts**

This civil rights case was removed to this Court from the Crittenden County Circuit Court on February 2, 2024. Doc. No. 1. In it, plaintiff Jeremiah McGruder, individually and on behalf of his then-minor child JRM ("McGruder"), sues West Memphis, Arkansas police officers William Chad Davis ("Davis") and Lillian Strayhorn ("Strayhorn") in their official and individual capacities, alleging they violated his constitutional rights in violation of 42 U.S.C. § 1983 and the Arkansas

1

Civil Rights Act of 1993. He also asserts state law abuse of process and malicious prosecution claims. *See* Doc. No. 2. Specifically, McGruder alleges that Davis fabricated facts to obtain a warrant which resulted in the arrest of McGruder's minor child on two occasions. *Id.* at 2. He claims that the charges which lead to the arrests were later dismissed with prejudice. Additionally, McGruder claims that he was handcuffed and arrested without probable cause by Strayhorn to intimidate him from filing a federal lawsuit on behalf of his minor child. *Id.* at 2-3. He asserts that the alleged constitutional violations were the result of West Memphis' failure to train and claims compensatory and punitive damages. *Id.* at 3.

According to Davis, there are at least five additional cases pending against employees of the City of West Memphis filed by plaintiff's counsel.[1] Doc. No. 18 at 1. Attorneys from the Arkansas Municipal League represent the defendants in those matters. Davis states he "is currently investigating one or more of Plaintiff's counsel's clients in various Internal Affairs investigations."[2] *Id.* at 2. According to Davis, internal department hearings for those investigations have occurred, hearing summaries have not been completed, and the decisions have been appealed to the

---

[1] McGruder's counsel represents plaintiffs in the following cases against the City of West Memphis and/or its employees: *Walker v. Campbell, et al.*, 2:24-cv-108; *Grant v. Kennedy, et al.*, 2:24-cv-135; *Pulliam v. Rush,* 2:24-cv-148; *Brown, et al., v. Kohl, et al.,* 2:25-cv-19; and *Zukosky v. City of West Memphis*, 18CV25-141. Davis is named as a defendant in only this case.
[2] Davis identifies only one plaintiff in a pending employment action he was assigned to investigate, Mose Walker. *See Walker v. Campbell, et al.*, 2:24-cv-108.

Mayor of West Memphis. Accordingly, claims Davis, the Internal Affairs investigation files are still considered open and active. *Id.*

2. **Procedural Background**

A notice of deposition was served on counsel for Davis on May 16, 2025 by counsel for McGruder, giving notice that Davis' deposition in this case was to be taken on May 22, 2025 at 10:00 a.m. Doc. No. 17-1. On May 20, 2025, Davis filed a motion seeking entry of a protective order and a motion to quash the notice of deposition, along with a brief in support. Doc. Nos. 17 & 18. Judge Lee Rudofsky, the district judge assigned to this matter, referred the motion to the undersigned as the assigned magistrate judge on the case. Doc. No. 19. This Court granted the motion to quash and cancelled the deposition scheduled for May 22 until McGruder had an opportunity to respond, and until the Court had a chance to review a complete record on the issues involved. *See* Doc. No. 20. Thus, a ruling on the motion for protective order was held in abeyance until after McGruder responded and the Court could review the complete record. McGruder has since filed a response to the motion and supporting brief, and Davis has filed a reply. Doc. Nos. 26-27, 31. The motion is therefore ripe for consideration.

In his motion, Davis asks the Court to restrict questions in his deposition to those pertaining to this specific case, and to "forbid[] inquiry into any matters including, but not limited to … open Internal Affairs Investigations and any other

currently pending, potential, or future litigation involving the City of West Memphis." Doc. No. 17, page 3. He cites to a prior agreement in a different case in which plaintiff's counsel agreed "not to discuss the ongoing internal affairs investigations while they are still pending" during the deposition of the West Memphis Chief of Police. *Id.* at 2. Davis' counsel sought a similar agreement with McGruder's counsel in this case, in which Davis' deposition would "be limited to exclude the ongoing Internal Affairs investigations and anything else not relevant to the facts of this case." *Id.* McGruder's counsel was unwilling to reach such an agreement as to Davis' deposition.

### 3. Analysis

In his response to the motion, McGruder argues that it should be denied for failure to comply with Local Rule 7.2 which requires parties to confer in good faith on the specific issue in dispute before filing a motion for protective order. Davis' motion specifically states that counsel conferred or attempted to confer with McGruder's counsel on several occasions about the scope of the deposition but had not been able to reach an agreement. Doc. No. 17 at 4. In her reply brief, Davis' counsel states that a telephone call took place May 15 between attorneys in which defense counsel asked a partner of plaintiff's counsel, Caleb Baumgardner, "if the

4

IA investigations would be discussed in the [May 22] deposition.[3] [The] inquiry was aimed at determining if there would be a discovery dispute on this issue. She also asked if both parties could agree to limit the scope of the deposition to exclude questions about the IA investigations." Doc. No. 31 at 5. Baumgardner represented he would confer with his partners and get back in touch. After receiving no response, Davis' counsel called Baumgardner on May 19 to follow up. And a second follow up call took place on May 20, two days before the deposition was to take place. On that date, Davis' counsel was informed that plaintiff's counsel would not agree to limit the scope of the deposition. Davis' counsel informed plaintiff's counsel in that call and in a follow up email that a motion for protective order would be filed. *See* Doc. No. 17-3. McGruder's counsel of record were copied on this email. *Id.* Davis filed a motion for protective order later that same day.

According to McGruder, these communications failed to satisfy the demands of Local Rule 7.2. McGruder cites an earlier case, *Feltner v. City of West Memphis*, Case No. 4:23-cv-478, where the Court found the defendant failed to adequately confer with the plaintiff. The facts in *Feltner* differ from this case.[4] Davis' counsel

---

[3] Davis' attorney believed that Baumgardner would conduct the deposition based on his direct involvement in numerous emails related to scheduling and availability. McGruder's counsel of record were copied on those emails, according to Davis' attorney. Doc. No. 31 at 5.

[4] In *Feltner*, the attempt to confer amounted to an email sent to plaintiff's counsel a few hours before the filing of the motion for protective order. Doc. No. 33, page 2, case no. 4:23-cv-478.

5

began conferring on the issue of the scope of the deposition one week before it was to take place, followed up with opposing counsel several times to get a response, and filed a motion for protective order the same day an agreement could not be reached, two days before the deposition. Davis complied with Local Rule 7.2.[5]

The Court now turns to the substance of the motion for protective order. It appears the parties disagree about questioning in two areas. The first regards questioning Davis about his involvement in Internal Affairs investigations of individuals who have asserted claims or filed lawsuits unrelated to the facts in issue in this case. Davis claims that questioning him about his involvement in any such investigation should be prohibited because the findings of those investigations are not final and therefore remain confidential. Specifically, he states that the findings of the Internal Affairs investigations in issue have been appealed to the Mayor of West Memphis, who will make a final administrative decision. Until a final decision is made, Davis argues, the files will remain closed. *See* Doc. No. 17 at 3 (citing Ark. Code Ann. §25-19-105(c); and Doc. No. 31 at 7).

---

[5] Among other things, McGruder argues that Davis' counsel, in communications on May 15, 19, and 20, DID NOT (emphasis in McGruder's brief) announce that the contact was an effort at conferring in to comply with Local Rule 7.2(g). Doc. No. 27, page 2. The local rule requires no such pronouncement, and the ordinary understanding of "conferring" envisions talking on the phone and e-mailing, which occurred on the various occasions cited by both parties.

McGruder does not appear to dispute Davis' assertion that open and active Internal Affairs investigations are off limits. He claims, instead, that the investigations in issue here are **not** open or active, and therefore are fair game for deposition questioning. *See* Doc. No. 27 at 3-5. In support of this position, McGruder cites to the City of West Memphis' procedures manual related to Internal Affairs investigations and argues that certain procedures were not followed. *Id.* He concedes, however, that there was "an appeal to the Mayor…. That is where we are now." *Id.* at 5. The Court has reviewed the manual, and notes that it describes an appeal process from a decision of a Review Board finding guilt and assigning punishment. It specifically states that "[t]ermination must be appealed to the Mayor of the City of West Memphis." Doc. No. 27-1 at 25. The Court finds that if the Internal Affairs investigation files in issue remain on appeal to the Mayor, information contained in them are not subject to discovery. Thus, the motion for protective order is GRANTED as to discovery of open Internal Affairs investigations.

The second line of questioning in issue is that which seeks information about cases and claims against employees of the City of West Memphis unrelated to the present claims against Davis.[6] Davis asserts that his deposition should be limited to

---

[6] Of course, this could include questions not only related to closed Internal Affairs investigations but also questions related to Davis' knowledge about other suits or claims that may not be part of such investigations.

7

questions only about the claims McGruder asserts in his complaint, and broader inquiries would be disproportionate to the needs of the case. McGruder, however, asserts that Davis is sued in his individual and official capacities. And to establish municipal liability, McGruder is required to establish that a constitutional violation resulted from an official municipal policy, an unofficial custom, or a deliberately indifferent failure to train or supervise. Doc. No. 27 (citing *Atkinson v. City of Mountain View*, 709 F.3d 1201(8th Cir. 2013) and *Monell v. Dep't of Social Services of New York*, 436 U.S. 658 (1978)). McGruder asserts that he must establish "a persistent and widespread practice" that is "so permanent and well settled as to constitute a 'custom or usage' with the force of law," and that imposition of liability cannot be based on an isolated incident. *See* Doc. No. 27 at 6 *(citing Diaz v. Miami-Dade Cnty,* 2021 U.S. App. LEXIS 6320 (11th Cir. Mar. 4, 2021). Thus, he argues that discovery relating to other investigations is necessary "to establishing a policy and custom of police abuses that has been created by Chief Campbell, through the hiring of unqualified candidates, failing to give them adequate training, and in fact giving them training suggesting that unconstitutional conduct is acceptable…." *Id.* at 7-8.

In response, Davis argues that he is not a party to any of the other claims or cases in which West Memphis Police Department employees are sued, the defendants in those cases are represented by attorneys other than Davis' counsel, and

the other claims/cases are unrelated to this case. He also counters that to establish municipal liability, McGruder must show a causal connection between a municipal policy or custom and the alleged constitutional violation. Thus, in a failure to train case such as this, the training deficiency must be the cause of the offending conduct. *See* Doc. No. 31 at 2-3 (citing *Waters v. Madson*, 921 F.3d 725, 743 (8th Cir. 2019)). According to Davis, the acts giving rise to the other lawsuits and claims and to the Internal Affairs investigations in issue took place after the events giving rise to this lawsuit and therefore could not be the cause of the offending conduct. Doc. No. 31 at 3.

      The Court notes that Magistrate Judge Kearney had an opportunity to consider a similar motion for protective order in *Feltner, supra*. He found that the basis for filing the motion was premature and "based on speculation and hypothetical questions being asked at a deposition that has not yet taken place." *Feltner*, No. 4:23-cv-478, Doc. No. 33 at 3. Judge Kearney found that if objections were raised for questions asked at a future deposition regarding these issues, and if the parties could not agree whether such question should be answered, the parties could request his assistance in resolving the issue. *Id.* This Court adopts Judge Kearney's reasoning. It is difficult to determine in the abstract what questions could or should be asked at Davis' deposition. And the Court does not wish to speculate whether questions that have not yet been asked are objectionable. For that reason, this portion of the motion

for protective order is DENIED.  During the deposition of Davis, the Court will be available for a telephone conference if needed to resolve objections.

For the reasons stated herein, the motion for protective order as to pending Internal Affairs investigations is GRANTED, and the motion is otherwise DENIED.

SO ORDERED this 8th day of July, 2025.

_____
UNITED STATES MAGISTRATE JUDGE